Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtor / Debtor-in-Possession*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 17-13451 (MG) |
| 2954 Daniel Street Realty Corp., | |
| Debtor | |

--------------------------------------------------------x

**MOTION FOR AN ORDER DISMISSING DEBTOR'S CASE PURSUANT TO SECTIONS 105 AND 1112 (b) OF THE BANKRUPTCY CODE AND RULE 1017**

The debtor and/or debtor-in-possession 2954 Daniel Street Realty Corp. (the "Debtor") hereby submits this Motion (the "Motion") for an order dismissing the Debtor's case pursuant to sections 105 and 1112 (b) of the Bankruptcy Code and Rule 1017 of The Federal Rules of Bankruptcy Procedure. In support of the Motion, the Debtor represents as follows:

**JURISDICTION**

1.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. sec's 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. sec 157(b)(2). Venue is proper in this court pursuant to 28 U.S.C. sec 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a).

**BACKGROUND**

2.   On December 1, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The Debtor continues to operate its business

and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankrupcty Code.

3. The Debtor's sole asset was a three-story residential apartment building with seven (7) units located at 2459 Daniel Street, Bronx, New York 10464 (the "Property").

4. Prior to the filing, the Property was encumbered by a first mortgage lien held by Rusi Holding Corp. ("Rusi") in the total amount of $716,622.82.

5. Prior to the date of the filing, the Property was encumbered by property tax liens held by NYCTL 2015-A Trust, NYCTL 2016-A Trust and NYCTL 2017-A Trust (the "Trusts") in the total sum of $137,553.59.

6. Prior to the date of filing, the Property was in eminent danger of being sold at a foreclosure sale by Rusi as the petition was filed for the purpose of staying a foreclosure sale and seeking to negotiate a settlement with Rusi and the Trusts so that the Debtor could keep the Property.

7. Consequently, the Debtor was unable to obtain post-petition financing for the purpose of settling with Rusi and the Trusts and the Property was sold at auction by the Trusts.

8. The Debtor is no longer in possession of its sole asset and has no income to report therefore, the Debtor is unable to propose an effective plan of reorganization.

9. The Debtor's operating statements reflect a zero ($0.00) balance and is unable to generate any income.

10. The Debtor has filed all of his operating statements.

11. The Debtor is current in Trustee payments.

12. Trial attorney Susan A. Arbeit, Esq. of the United States Trustee's office has no objection to the dismissal of this case.

**RELIEF REQUESTED**

13.  By this Motion, the Debtor respectfully requests that the Court enter an order pursuant to section 105(a) and 1112 (b) of the Bankruptcy Code and Bankruptcy Rule 1017(a) dismissing this case. Alternatively, the Debtor seeks dismissal of this case under section 305(a) of the Code, which provides in relevant part, that *"the court after notice and a hearing, may dismiss a case under [chapter 11 of the Bankruptcy Code]… at any time if – (1) the interests of creditors and the Debtor would be better served by such dismissal." 11 U.S.C. sec 305 (a)(1).* As set forth more fully herein, the dismissal of the Debtor's case is in the best interest of the Debtor, its estate and creditors.  Accordingly, the Debtor respectfully submits that the dismissal of this case is also warranted under section 305(a) of the Bankruptcy Code.

**BASIS FOR RELIEF REQUETSED**

14.  Section 105(a) of the Bankruptcy Code provides, in part, that "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. sec 105(a).

15.  Section 1112(b) of the Bankruptcy Code provides that after notice and a hearing, a court may dismiss a case for cause unless it determines that the appointment of a Trustee or examiner is in the best interest of the creditors and the estate or unusual circumstances are found and specifically identified establish that dismissal is not in the best interest of creditors or the estate.  The determination of cause and the decision to dismiss a chapter 21 Bankruptcy case pursuant to section 1112 (b) rests within the sound discretion of the court.  See *In re Nugelt, Inc.*, 142 Bankr. 661,665 (Bankr. D.Del.1992) (stating that "[c]ourts have wide latitude in determining whether cause exists to convert or dismiss" a chapter 11 bankruptcy case); In re 3868-70 White Plains Rd., 28 Bankr 515 (Bankr. SDNY 1983).

3

16.     Section 1112(b)(4) of the Bankruptcy Code identifies certain examples of Cause for dismissal of a chapter 11 case, including the "absence of a reasonable likelihood of rehabilitation" 11U.S.C. sec 1112(b)(4).  A Bankruptcy court, however is not constrained by those enumerated examples and may find "cause" based on the facts and circumstances of the particular chapter 11 case.  See *In re 3868 -70 White Plains Rd.*, 28 Bankr. At 519.  *In re Julian* Bankr. D. Conn., Case # 11-30151 ECF No. 143 February 15, 2012.

17.     The Debtor submits that sufficient cause exists for the dismissal of this case as its business is terminating and cannot operate without its sole asset.

18.     Upon determination that cause exists to dismiss a chapter 11 case, the court must also evaluate whether dismissal is in the best interest of the estate and creditors.  See *In re Superior Siding & Window Inc.*, 14 F.3rd 240, 243 (4th Cir. 1994); *In Re Mazzocone*, 183 Bankr. 402, 411 (Bankr. E.D. Pa 1995), *aff'd* 200 Bankr. 568 (E.D. Pa. 1996); *In Re Warner*, 83 Bankr. 807, 8089 (Bankr. M.D. Fla. 1988).  Circumstances demonstrate that it is in the best interest of the Debtor's Estate and creditors to dismiss this chapter 11 case.

19.     A dismissal of the Debtor's chapter 11 case meets the best interests of creditors where there are diminimus assets to administer to creditors.  In the present case, there are no secured or unsecured creditors.

20.     Based on the foregoing, the Debtor has determined, in its business judgment, that there is no reasonable likelihood or purpose in effectuating a Chapter 11 plan as the building is gone and there are no unsecured or priority creditors to fund.

21.     The Debtor submits that conversion of this case to chapter 7 of the Bankruptcy Code would only create unnecessary administrative expenses, without enhancing the prospect for recoveries, and it is therefore unwarranted.  Dismissal of this chapter 11 case, on the other hand,

4

will eliminate further administrative expense. Unsecured creditor remedies if any remain intact. Accordingly, the Debtor submits that sufficient cause exists to dismiss this Chapter 11 case and doing so is in the best interests of the Debtor's estate and creditors.

**WHEREFORE**, the Debtor respectfully requests that this court enter an Order, substantially in the form attached hereto, dismissing this Chapter 11 case and granting such other and further relief to the Debtor as this Court deems just and proper.

Dated: White Plains, New York
       May 18, 2018

Respectfully submitted,

By: *Todd S. Cushner*
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtor / Debtor-in-Possession*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

5